Opinión de conformidad y disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Estoy sustancialmente conforme con la Opinión que hoy dicta una mayoría en este caso. Sin embargo, debo expresarme brevemente en cuanto a un aspecto de la Opinión que me preocupa y del cual disiento.
Comienzo expresando mi conformidad con la determinación de que la omisión del notario de hacer constar en el testamento que los testigos instrumentales conocen al testador queda subsanada por la dación de fe general. Ello así, pues ésta ha sido la normativa que impera en nuestra jurisdicción desde Bardeguez v. El Registrador, 27 D.RR. 214 (1919). Véase, además, In re López Toro, 146 D.RR. 756 (1998). Igualmente estoy conforme con la conclusión del Tribunal de que no se requiere para la validez del testamento que el notario conozca personalmente a los testigos instrumentales —como ocurre con el testador— así como tampoco los tiene que identificar con métodos supletorios.
Ahora bien, disiento de las expresiones de la Mayoría de que los testigos instrumentales no son comparecientes. Estimo que una lectura integrada del Reglamento Notarial permite concluir todo lo contrario. La Regla 27 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, que regula la comparecencia, dispone de la manera siguiente:
El Notario dejará consignado en el instrumento público la calidad en que intervienen los comparecientes, bien fuere como *99 otorgante, como testigo, en capacidad representativa o en cualquier otro concepto. (Énfasis suplido.)
Conforme lo anterior, tanto los testigos como los otorgantes se consideran en el Reglamento como comparecientes. Es decir, la categoría mayor es la de comparecientes y hay distintas clases: aquellos que comparecen como otorgantes o como testigos, entre otros.
En atención a lo anterior, entiendo que el Reglamento considera a los testigos instrumentales' como comparecientes. Siendo así, el notario debe cumplir con lo ordenado en la Regla 29 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, aun cuando el incumplimiento con esta disposición no vicie de nulidad el testamento.